UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON L. BAKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | Case No. EDCV 09-1885 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

**I.　SUMMARY**

On October 8, 2009, plaintiff Sharon L. Baker ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; October 15, 2009 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum and Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 18, 2003, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ("AR") 55-56). Plaintiff asserted that she became disabled on December 29, 2001, due to asthma and herniated disks in her neck and lower back. (AR 60). After holding a hearing, an Administrative Law Judge (the "Prior ALJ") issued an unfavorable decision on July 16, 2005. (AR 10-16). Following remand orders from this Court and the Appeals Council (AR 448-49, 450-75), a different Administrative Law Judge (the "ALJ") heard testimony from plaintiff, who was represented by counsel, on August 4, 2008, and February 4, 2009.[1] (AR 336-67, 368-95).

On June 9, 2009, the ALJ determined that plaintiff was not disabled through the date of the decision ("Post-Remand Decision"). (AR 320-31). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: disorders of the cervical spine, lumbar spine, and right hand; degenerative disc disease of the knees, bilaterally; asthma; and headaches (AR 322); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 323); (3) plaintiff retained the residual functional capacity to perform a limited range of light work (AR 323)[2]; and

---

[1] Plaintiff filed a subsequent application for Supplemental Security Income benefits on December 27, 2005. (AR 497-502). Pursuant to the order of the Appeals Council (AR 448), the ALJ associated the applications and issued a decision on all of plaintiff's claims. (AR 320).

[2] The ALJ determined that plaintiff "can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and walk for 6 hours out of an 8-hour work day, and she can sit for 6 hours out of an 8-hour work day. She cannot do repetitive movements with the right upper extremity. She can occasionally climb ramps and stairs. She cannot climb ladders, ropes, or

(continued...)

(4) plaintiff could perform her past relevant work (AR 330-31). The Appeals Council did not review the ALJ's decision, and the Post-Remand Decision became the final decision of the Commissioner. See 20 C.F.R. § 416.1484(d).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

///

---

[2](...continued) scaffolds. She can frequently balance. She can occasionally bend, stoop, crouch, and kneel. She cannot crawl. She cannot do any twisting movements with the right upper extremity. She can frequently reach overhead with the left upper extremity, and she can occasionally reach above the shoulder with the right upper extremity. She can frequently handle and finger with the right upper extremity. She should avoid extreme cold, humidity, wetness, and vibration. She cannot work at unprotected heights. She cannot work in environments with fumes, odors, dust, gases, and chemical[s]. She cannot perform repetitive twisting with the upper torso." (AR 323).

|   |     |     |
|---|-----|-----|
| | (3) | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four. |
| | (4) | Does the claimant possess the residual functional capacity to perform her past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five. |
| | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.  Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ Erred in Assessing the Opinions of State Agency Physicians and this Court Cannot Find Such Error to Be Harmless

Plaintiff argues that the ALJ erred by failing to consider the opinions of two State agency reviewing physicians.  (Plaintiff's Motion at 5-6).  The Court agrees.

#### 1. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided.  Courts distinguish among the opinions of three types of physicians:  those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians").  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).  A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.  See id.

Accordingly, an ALJ is "not bound by any findings made by [nonexamining] State agency" physicians.  20 C.F.R. § 416.927(f)(2)(i).  The Administration recognizes, however, that these individuals "are highly qualified physicians . . . who are also experts in Social Security disability evaluation."  Id.

5

"Therefore, [an ALJ] must consider findings of State agency [physicians] as opinion evidence," and "must explain in the decision the weight given to the opinions of a State agency" physician. Id. § 416.927(f)(2)(i)-(ii); Social Security Ruling ("SSR") 96-6p[3] (An ALJ "may not ignore these opinions and must explain the weight given to the opinions in their decisions."); Sawyer v. Astrue, 303 Fed. Appx. 453, 455 (9th Cir. 2008) ("An ALJ is required to consider as opinion evidence the findings of state agency medical consultants; the ALJ is also required to explain in his decision the weight given to such opinions.").[4] Moreover, in determining a claimant's residual functional capacity, if the ALJ's "assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[5] SSR 96-8p. An ALJ "may reject the opinion of a nonexamining physician by reference to specific evidence in the medical record." Sousa v. Callahan, 143 F.3d 1240, 1244 (9th Cir. 1988).

### 2. Analysis

Here, the ALJ did not discuss the findings of two State agency reviewing physicians. Both physicians opined, among other things, that plaintiff could only occasionally perform the activities of reaching, handling, fingering and feeling with her right upper extremity. (AR 190, 264). One of the physicians, Dr. Mauro, wrote that these limitations stemmed from plaintiff's radiculopathy (AR 264), a diagnosis plaintiff has received as recently as November 2008 (AR 855). The

---

[3] Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990). Such rulings reflect the official interpretation of the Social Security Administration and are entitled to some deference as long as they are consistent with the Social Security Act and regulations. Massachi v. Astrue, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007) (citing SSR 00-4p).

[4] The Court may cite unpublished Ninth Circuit opinions issued on or after January 1, 2007. See U.S. Ct. App. 9th Cir. Rule 36-3(b); Fed. R. App. P. 32.1(a).

[5] "Medical sources" are "acceptable medical sources, or other health care providers who are not acceptable medical sources." 20 C.F.R. § 416.902. "Acceptable medical source[s] . . . include[] treating sources, nontreating sources, and nonexamining sources." Id.

Prior ALJ noted the assessments of the State agency physicians and determined that plaintiff "has limitations with feeling, repetitive pushing, pulling . . . and working overhead" with her right upper extremity. (AR 13, 15). In the Post-Remand Decision, the ALJ made no mention of the State agency physicians' opinions and determined that plaintiff "can occasionally reach above the shoulder with the right upper extremity . . . [and] frequently handle and finger with the right upper extremity." (AR 323). In light of the pertinent law discussed above, the ALJ's failure to explain why he rejected the physicians' opinions that plaintiff was limited to occasional handling and fingering constitutes legal error.

        The Court cannot conclude that the ALJ's error was harmless.[6] At step four of the sequential evaluation process, the ALJ determined that plaintiff was capable of performing her past relevant work as an inventory control clerk or a newspaper delivery person. (AR 331). The Dictionary of Occupational Titles ("DOT") provides that both of these occupations require frequent reaching, handling, and fingering. (DOT §§ 219.387-030, 292.457-010).[7] In addition, the vocational expert testified that an individual "limited to occasionally gripping, grasping, and fingering" with "the right, dominant, upper extremity" would not be able to perform the occupation of newspaper delivery person. (AR 393). Thus, if the State agency physicians' opinions were credited, plaintiff would not be able to perform the past relevant work identified by the ALJ. On remand, the ALJ must either accept these opinions or provide legally sufficient reasons for rejecting them. If necessary, the ALJ shall proceed to step five of the sequential analysis.

---

[6] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir.2004) (applying harmless error standard); see also Stout, 454 F.3d at 1054-56 (discussing contours of application of harmless error standard in social security cases).

[7] The ALJ's reference to DOT section 219.367-030 (AR 330) appears to be a typographical error.

## V.      CONCLUSION[8]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[9]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  November 10, 2010

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[8]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[9]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).